**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:  **HOPEMAN BROTHERS, INC.,** | **Case No. 24-32428-KLP** |
| **Debtor.** | **Chapter 11** |

**MEMORANDUM ORDER DENYING LIBERTY MUTUAL INSURANCE COMPANY'S**
**MOTION FOR LIMITED MODIFICATION OF MEDIATION ORDER**

Over a year and a half ago, on December 20, 2024, the United States Bankruptcy Court for the Eastern District of Virginia (this "Court") entered its *Order Authorizing Mediation of Chubb Insurers Settlement Motion* [ECF No. 443] (the "Mediation Order").  By the Mediation Order, the Court appointed a fellow bankruptcy judge to act as a judicial mediator to assist various of the parties in determining whether a consensual plan could be proposed in this above-captioned Chapter 11 bankruptcy case (this "Bankruptcy Case").  To encourage frank discussions and productive engagement, paragraph 8 of the Mediation Order provided:

> A communication of any type, whether oral or written, made or provided in connection with the Mediation, including, without limitation, statements, reports, admissions, or proposals given by the Mediator or any Party (the "Mediation Communications"), may not be used by any Party for any purpose, including impeachment, in any arbitral, judicial or other proceeding, including this chapter 11 case (each, a "Proceeding") and may not be disclosed to any non-Party to the Mediation, including this Court.  The Mediation Communications shall be confidential, shall not be subject to discovery, shall be inadmissible in any Proceeding, and also shall be subject to protection under Rule 408 of the Federal Rules of Evidence, Local Bankruptcy Rule 9019-1(J), and any equivalent or comparable state law.

Mediation Order ¶ 8, ECF No. 443 at 2-3.  As more fully discussed herein, the language provided in paragraph 8 of the Mediation Order incorporates the language contained in this Court's Local Bankruptcy Rule 9019-1(J).

This matter now comes before the Court upon *Liberty Mutual Insurance Company's Motion for Limited Modification of Mediation Order* [ECF No. 1518] (the "Motion"). By its Motion, Liberty Mutual Insurance Company ("Liberty Mutual") asks this Court to rewrite the terms of paragraph 8 of the Mediation Order to include the following language:

> Notwithstanding the foregoing and anything else to the contrary herein or in any other order of the Court, the Debtor is authorized to produce documents to Liberty Mutual Insurance Company ("Liberty Mutual") otherwise subject to this Order, to the extent that such documents are responsive to Liberty Mutual's discovery requests dated May 28, 2026, which were served in connection with the Court's determination of whether the Debtor's actions have complied with Section III.C of the March 21, 2003 Indemnification and Hold Harmless Agreement Between Hopeman Brothers, Inc. and Liberty Mutual Insurance Company (the "Minimization Obligation").
>
> Any documents produced by the Debtor to Liberty Mutual in accordance with this Order shall be used by Liberty Mutual only in connection with the prosecution of Liberty Mutual's Claim in this chapter 11 case, including with respect to Liberty Mutual's allegation that Hopeman breached the Minimization Obligation.

Mot. ¶ 1, ECF No. 1518 at 1-2. Liberty Mutual argues that such a revision is necessary and appropriate to allow it to obtain relevant evidence relating to whether Liberty Mutual is entitled to "recover expenses incurred in monitoring [this] bankruptcy proceeding as a result of Hopeman's alleged breach of its Minimization Obligation." *Mem. Order*, 3:25-cv-486 (DJN) (E.D. Va. Mar. 18, 2026), ECF No. 35. Hopeman Brothers, Inc. ("Hopeman" or the "Debtor"), the debtor and debtor in possession in the Bankruptcy Case, the Official Committee of Unsecured Creditors, Huntington Ingalls Industries, Inc., and Marla Rosoff Eskin, Esq. in her capacity as the Future Claimants' Representative, each objected to the Motion. *See* ECF Nos. 1522, 1523, 1524, 1525. After conducting oral argument on the Motion on July 15, 2026, the Court took the matter under advisement.

This Order sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1]  The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the general order of reference of the United States District Court for the Eastern of Virginia (the "District Court") dated August 15, 1984.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

At the outset, the Motion fails as a matter of law because the relief requested in the Motion directly conflicts with this Court's existing Local Bankruptcy Rule 9019-1.  Pursuant to 28 U.S.C. § 651(b), federal district courts must "devise and implement . . . alternative dispute resolution program[s], by local rule adopted under section 2071(a), to encourage and promote the use of alternative dispute resolution."  Title 28 further requires the district court to enact a local rule to "provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications."  28 U.S.C. § 652(d).  By its April 20, 1987, Order and as permitted by Bankruptcy Rule 9029(a)(2), the District Court authorized this Court to enact its own local rules of practice and procedure subject to the requirements of Rule 83 of the Federal Rules of Civil Procedure.  *See also* Fed. R. Bankr. P. 9029(a)(2).

Consistent with this statutory mandate and the directive of the District Court, this Court adopted Local Bankruptcy Rule 9019-1.[2]  Among other things, that rule specifically authorizes this Court's bankruptcy judges to act as judicial mediators.  Local Bankr. R. 9019-1(D)(1).  The rule further provides that:

---

[1]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

[2]   This Local Bankruptcy Rules is similar to and consistent with the District Court's Local Civil Rule 83.6.

> The substance of communications and writings in the mediation process shall not be disclosed to any person other than participants in the mediation process; provided, however, that nothing herein shall modify the application of Federal Rule of Evidence 408 nor shall use in the mediation process of an otherwise admissible document, object, or statement preclude its use at trial. Furthermore, unless otherwise agreed to by the party, communications and writings between a party and the mediator shall be considered privileged and confidential and shall not be subject to discovery. No party shall be deemed to have waived the attorney-client or work-product privileges by communicating privileged information to the mediator.

*Id.* 9019-1(J).

Local rules of practice and procedure "have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in the appropriate manner." *Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987) (quoting *Woods Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir. 1964)); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929) ("[A] rule of court thus authorized and made has the force of law."). Revision of paragraph 8 of the Mediation Order as requested by Liberty Mutual would directly and impermissibly conflict with Local Bankruptcy Rule 9019-1, as well as the District Court's Local Civil Rule 83.6. "A litigant has a right to rely upon the local rules, as the parties and the court are bound by them." *Woods Constr. Co.*, 337 F.2d at 891. As Local Bankruptcy Rule 9019-1 governs and precludes the relief sought by Liberty Mutual, the Motion will be denied.

Assuming arguendo that Local Bankruptcy Rule 9019-1 is not dispositive, the Court finds that Liberty Mutual has failed to provide a compelling legal or factual basis for this Court to impinge upon a confidential judicial mediation. At the hearing, Liberty Mutual and the objecting parties relied upon *In re Anonymous*, 283 F.3d 627 (4th Cir. 2002), in support of their respective positions. In that case, the Fourth Circuit examined the circumstances under which confidential mediation communications could be disclosed, ultimately "disallowing disclosure unless the party

4

seeking such disclosure can demonstrate that 'manifest injustice' will result from non-disclosure. Application of the manifest injustice standard requires the party seeking disclosure to demonstrate that the harm caused by non-disclosure will be manifestly greater than the harm caused by disclosure." *Id.* at 637. For the reasons stated herein, this Court finds that the manifest injustice exception described in *In re Anonymous* is inapplicable here. Alternatively, if the manifest injustice exception did apply, the Court finds that Liberty Mutual has failed to demonstrate that the harm caused by non-disclosure will be manifestly greater than the harm caused by breaching the confidentiality of the judicial mediation.

*In re Anonymous*'s manifest injustice standard does not apply to this proceeding because it relates to a provision in the Fourth Circuit's alternative dispute resolution program that is different from this Court's and the District Court's local rules. The Fourth Circuit's alternative dispute resolution program is governed by Local Rule 33. Like Local Bankruptcy Rule 9019-1 and Local Rule 83.6, Local Rule 33 provides that mediation communications are confidential. However, unlike Local Bankruptcy Rule 9019-1 and Local Rule 83.6,[3] Local Rule 33 expressly contemplates that mediation communications could be disclosed if the disclosing party obtains the "prior approval of the Standing Panel on Attorney Discipline." In *In re Anonymous*, the Fourth Circuit adopted the manifest injustice standard as the applicable test for "when the Standing Panel should grant a waiver of confidentiality to the participants." 283 F.3d at 636. As this Court's local

---

[3]    28 U.S.C. § 652(d) provides

> Until such time as rules are adopted under chapter 131 of this title providing for the confidentiality of alternative dispute resolution processes under this chapter, each district court shall, by local rule adopted under section 2071(a), provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications.

No such universal rules have been adopted and, as such, different federal courts may have different rules regarding confidentiality.

5

bankruptcy rules and the District Court's local rules do not have a provision permitting disclosure, there is no exception to which the manifest injustice standard could apply.[4]

However, assuming that this Court could retroactively waive mediation confidentiality based upon a showing of manifest injustice, Liberty Mutual has failed to meet its burden of proof. Although the Fourth Circuit did not clearly define "manifest injustice," in *In re Anonymous*, the Fourth Circuit focused on three primary facts in permitting a narrow waiver of mediation confidentiality: (1) that the disclosures would be made to a non-public, confidential forum, that is the Virginia State Bar's arbitral panel; (2) that all parties to the mediation (other than the Fourth Circuit mediator) consented to the disclosure; and (3) that disclosure could be extremely limited in scope and did not need to address mediation of the substantive merits. *Id.* at 638. None of those factors is present here.

Rather, this case is more akin to *Savage & Associates, P.C. v. Mandl* (*In re Teligent, Inc.*), 417 B.R. 197, 207 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Savage & Associates, P.C. v. K&L Gates LLP* (*In re Teligent, Inc.*), Case No. 09-civ-09674 (PKC), 2010 WL 2034509, 2010 U.S. Dist. LEXIS 49010 (S.D.N.Y. May 13, 2010), *aff'd*, 640 F.3d 53 (2d Cir. 2011). In that case, the movant sought blanket relief from the Court's mediation order, without identifying any particular communication or subset thereof, on the grounds that it may be relevant to certain material issues. The bankruptcy court rejected mere relevance as being sufficient to overcome the confidentiality provision in the mediation order – instead, the movant "must demonstrate a special need and resulting unfairness, *i.e.,* that the evidence is critical, not otherwise available, and the need for the evidence outweighs the interest in maintaining confidentiality." *Id.* at 208. The court determined

---

[4]   In so holding, this Court makes no assessment as to whether such an exception should exist – merely that it does not in the current version of this Court's Local Bankruptcy Rules and, as such, does not apply to previously conducted judicial mediations conducted pursuant to Local Bankruptcy Rule 9019-1.

that the movant had failed to meet this burden because it did not show that it was unable to obtain the requested information through non-privileged means. *Id.* (explaining that the movant could have obtained equivalent information through depositions and other means of discovery).

Liberty Mutual has not sufficiently explained why it has not been able to obtain equivalent information from non-confidential sources.[5]  Debtor's Obj. ¶ 5, ECF No. 1522 at 3 (explaining that the Debtor has already produced over 9,000 pages of documents, responded to over 24 separate interrogatories, and conducted two examinations of the Debtor regarding a purported breach of the Minimization Obligation).  Additionally, Liberty Mutual has failed to identify how any such information would be relevant to the limited issue presently before the Court – whether Liberty Mutual may assert a claim against the Debtor's estate "to recover expenses incurred in monitoring Hopeman's bankruptcy proceedings as a result of Hopeman's alleged breach of its Minimization Obligation under § III.C of the Indemnification Agreement." *Mem. Order*, 3:25-cv-486 (DJN) (E.D. Va. Mar. 18, 2026), ECF No. 35.  That is the only issue for which Liberty Mutual may properly seek discovery at this time.  Liberty Mutual may not use this claim objection as a vehicle to relitigate whether the Debtor proposed the plan in good faith.  That issue is no longer pending before this Court.

Finally, public policy weighs against disclosure.  "The assurance of confidentiality is essential to the integrity and success of the Court's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys." *In*

---

[5]    Indeed, the Court agrees with the objecting parties that the relevant evidence are the filings in the public domain, namely, the plan and the various consent orders modifying the automatic stay.  Liberty Mutual has not explained how preliminary discussions not reflected in the Debtor's ultimate actions in the bankruptcy case could possibly qualify as a breach of the minimization obligation. *See, e.g.,* 11 U.S.C. § 363(b) (requiring court approval for any actions outside the ordinary course of the Debtor's business); Fed. R. Bankr. P. 9019 (requiring court approval of compromises or settlements entered into by the Debtor).

7

*re Anonymous*, 283 F.3d at 636.  The importance of promoting full and meaningful participation in judicial mediations dwarfs Liberty Mutual's interest in confidential mediation communications. *See, e.g., In re Roman Cath. Diocese of Syracuse*, 665 B.R. 866, 886 (Bankr. N.D.N.Y. 2024) (collecting cases).

The Court urges the parties to work collaboratively to resolve any future discovery disputes without the need for Court intervention.  Rule 26 of the Federal Rules of Civil Procedure, made applicable to contested matters in bankruptcy cases by Bankruptcy Rules 7026 and 9014(c) provides a limit on the scope of available discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the amount in controversy . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Court suggests the parties be mindful of this proportionality requirement in determining the scope of discovery necessary and appropriate in connection with this remand.  *Cf. Celgene Corp. v. Mylan Pharms. Inc.*, Civil Action No. 1:20-CV-3 (RWT), 2021 WL 9563337, at *4, 2021 U.S. Dist. LEXIS 261646, at *14 (N.D. W. Va. Feb. 10, 2021) *(*holding that it was not proportional to require disclosure of confidential settlement agreements between the plaintiff and third parties that may reveal sensitive commercial information that could be used to benefit the movant).

In consideration thereof, it is **ORDERED** that the Motion is **DENIED**.

Dated:   July 29, 2026                          /s/ Keith L. Phillips
                                        UNITED STATES BANKRUPTCY JUDGE

                                        Entered on Docket:  Jul 29 2026

8