IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

In re:

Civil Action No. 3:26cv16 (DJN)

HOPEMAN BROTHERS, INC.,
Debtor.

**ORDER**
**(Granting in Part and Denying in Part Motion to Amend)**

This matter comes before the Court on Travelers' Motion To Correct And Amend The Order Confirming The Amended Plan Of Reorganization Of Hopeman Brothers, Inc. Under Chapter 11 Of The Bankruptcy Code And Approving Adequacy Of The Disclosure Statement (ECF No. 21 ("Motion")). In its Motion, Travelers, comprised of Travelers Indemnity Company, Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company) and St. Paul Fire and Marine Insurance Company, seeks two revisions to the Amended Plan of Reorganization of Hopeman Brothers, Inc. Under Chapter 11 of the Bankruptcy Code (ECF No. 20-1 (the "Plan")) that the Court confirmed by Order issued on August 18, 2026 (ECF No. 20 (the "Confirmation Order")). Travelers also seeks one revision to the Court's Confirmation Order related to the second of its proposed revisions to the Plan. In both cases, Travelers asserts that the revised version of the Plan submitted to the Court on August 17, 2026 by Hopeman Brothers, Inc. and the Official Committee of Unsecured Creditors (collectively, the "Plan Proponents") failed to accurately incorporate modifications required by the Court's Findings of Fact and Conclusions of Law Regarding Confirmation of the Modified Amended Plan of Reorganization of Hopeman Brothers., Inc. Under Chapter 11 of the Bankruptcy Code (ECF No. 14 ("Findings")). For the reasons stated below, the Court GRANTS

Case 3:26-cv-00016-DJN Document 28 Filed 08/20/26 Page 2 of 4 PageID# 7968

IN PART and DENIES IN PART Travelers' Motion (ECF No. 21). The Court addresses each of Travelers' proposed revisions in turn.

First, Travelers alleges that Plan Proponents failed to comply with the Court's directive to strike part of a sentence from Section 10.6 of the Plan. (Motion at 5–7.) In its Findings, the Court had directed Plan Proponents to "strike the language from [. . . Section] 10.6 of the Plan that Travelers has highlighted as responsive to the Bankruptcy Court's criticisms" concerning determinations of the impact of the transfer of Asbestos Insurance Rights on the insurers, any potential preclusive effects thereof, and the impact of the Plan's releases on Travelers' rights. (Findings at 28–29, 29 n.20.) The language highlighted by Travelers and referenced by the Court comprised the last three lines of the first paragraph of Section 10.6 of the Plan as proposed. *In re: Hopeman Brothers, Inc.*, Case No. 24-32428-KLP (Bankr. E.D. Va.) ( "Hopeman Bankr."), ECF No. 1330 ¶ 19. Travelers mistakenly labeled this language as stemming from the *second* paragraph of Section 10.6, which contains similar language. *Id.* Plan Proponents removed the similar language from the *second* paragraph of Section 10.6, but they did not remove the specific language from the first paragraph that Travelers appears to have wanted excised. (ECF No. 15 at 115.[1]) The Court, similarly confused by Travelers' inconsistent directive[2], ratified this excision from the second paragraph of Section 10.6 and confirmed the Plan as submitted.

---

1 The Court employs the pagination assigned to filings by the CM/ECF system.

2 The Court laments Plan Proponents' unwillingness to rectify this obvious and apparent misunderstanding on their own, instead of requiring further involvement by the Court. The Court similarly laments Travelers' framing of this miscommunication as an error on the Court's part, without any acknowledgment that the error originated with Travelers, whose mistake in its original objection caused this confusion in the first place.

Having reviewed the Motion and the provision in question, the Court GRANTS Travelers' Motion as to Section 10.6. The Court finds that striking this language is necessary to harmonize the Court's earlier finding that specific language from Section 10.6 must be excised to render the Plan confirmable with the Plan itself. Plan Proponents must remove the words "provided, however, that, notwithstanding the foregoing, no release of the Released Parties shall diminish, reduce, or eliminate the duties of any Asbestos Insurer under any Asbestos Insurance Policy or any Asbestos CIP Agreement" from the first paragraph of Section 10.6.

Travelers' second request concerns the Plan's judgment reduction provision, which appears in Section 8.13 of the Plan. In its Findings, the Court sustained Travelers' objection as to the sufficiency of that provision and directed Plan Proponents to modify the provision in accordance with language included in the reorganization plan approved in *In re Kaiser Gypsum Co., Inc.*, No. 16-31602 (JCW), 2021 WL 3215102, at *1 (W.D.N.C. July 28, 2021). (Findings at 70.) The Court specified that the language from *Kaiser Gypsum* that it wanted Plan Proponents to add was language that "extends protections to *any* claim based on, arising under, or related to an insurance policy or settlement based on, or related to, any insurance policy, including any claim for contribution, reimbursement, indemnity or subrogation, or bad faith refusal to settle." (*Id.* at 70 n.41.) That directive accords with Travelers' objection, which invoked the same language from *Kaiser Gypsum*. (Hopeman Bankr., ECF No. 1312 ¶ 60.) Plan Proponents modified Section 8.13 to reflect this request, (ECF No. 15 at 104), and the Court approved this modified version in its Confirmation Order.

Travelers now argues that these edits "do not fully comply with the Court's Findings," since the Plan does not include other language from the *Kaiser Gypsum* plan that provides the Bankruptcy Court with additional powers to modify the provision or grant additional relief in

certain instances. (Motion at 8.) Travelers' argument reaches too far. The Court expressly referenced the language from *Kaiser Gypsum* that it wanted included, which was the same language highlighted by Travelers' original objection. Plan Proponents added that very language. The fact that Travelers referenced a separate and distinct provision from the *Kaiser* case in a footnote — a provision that the Court expressly did *not* reference in its Findings — fails to alter that fact. Accordingly, the Court finds that the Plan as confirmed reflects the changes ordered by the Court's Findings and DENIES Plaintiff's Motion on this point.

For all of these reasons, the Court GRANTS IN PART and DENIES IN PART Travelers' Motion (ECF No. 22). The Court STRIKES the words "provided, however, that, notwithstanding the foregoing, no release of the Released Parties shall diminish, reduce, or eliminate the duties of any Asbestos Insurer under any Asbestos Insurance Policy or any Asbestos CIP Agreement" from the first paragraph of Section 10.6. of the Plan. The Court further ORDERS Plan Proponents to file a revised version of the Plan reflecting this change on the public docket no later than three (3) days from the entry of this Order. No other aspect of the Court's Confirmation Order shall be disturbed by this Order.

Let the Clerk file a copy of this Order electronically, notify all counsel of record and send a copy to United States Bankruptcy Judge Keith L. Phillips.

It is so ORDERED.

____/s/________________
David J. Novak
United States District Judge

Richmond, Virginia
Date: August 20, 2026