**HUNTON ANDREWS KURTH LLP**
Joseph P. Rovira (admitted *pro hac vice*)
Catherine A. Rankin (admitted *pro hac vice*)
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Attorneys for Debtor and Debtor in Possession*

**CAPLIN & DRYSDALE, CHARTERED**
Kevin C. Maclay (admitted *pro hac vice*)
Todd E. Phillips (admitted *pro hac vice*)
Jeffrey A. Liesemer (VSB No. 35918)
Nathaniel R. Miller (admitted *pro hac vice*)
1200 New Hampshire Avenue NW, 8th Floor
Washington, DC 20036
Telephone: (202) 862-5000

*Counsel for the Official Committee of Unsecured Creditors*

**MORGAN, LEWIS & BOCKIUS LLP**
Brady Edwards (admitted *pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
Telephone: (713) 890-5000

W. Brad Nes (admitted *pro hac vice*)
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Telephone: (214) 466-4000

Jeffrey S. Raskin (admitted *pro hac vice*)
One Market, Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

David Cox (admitted *pro hac vice*)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Telephone: (213) 612-7315

*Special Insurance Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **HOPEMAN BROTHERS, INC.,** | **Case No. 24-32428 (KLP)** |
| **Debtor.** | |

# NOTICE OF (I) ENTRY OF ORDER CONFIRMING AMENDED PLAN OF HOPEMAN BROTHERS, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE AND (II) OCCURRENCE OF THE EFFECTIVE DATE OF THE PLAN

**PLEASE TAKE NOTICE:**

1. **Confirmation of the Plan.** On October 31, 2025, the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), entered its proposed findings of fact and conclusions of law (Docket No. 1267) recommending that the United States District Court for the Eastern District of Virginia, Richmond Division (the "District Court"), issue the proposed order (the "Confirmation Order") confirming the *Amended Plan of Reorganization of Hopeman Brothers, Inc. under Chapter 11 of the Bankruptcy Code*, dated May 21, 2025 [Docket No. 766] (as modified by the *Modified Amended Plan of Reorganization of Hopeman Brothers, Inc. Under Chapter 11 of the Bankruptcy Code*, dated August 21, 2025 [Docket No. 1141] and *Second Modified Amended Plan of Reorganization of Hopeman Brothers, Inc. Under Chapter 11 of the Bankruptcy Code*, dated September 5, 2025 [Docket No. 1185], and as may be further amended, modified, or supplemented from time to time, the "Plan").[1] On August 18, 2026, the District Court issued the Confirmation Order [Docket No. 1542].

Copies of the Confirmation Order, the Plan and all documents filed in these chapter 11 cases are available free of charge by visiting https://www.veritaglobal.net/hopeman. You may also obtain copies of the pleadings by visiting the Bankruptcy Court's website at https://www.vaeb.uscourts.gov/ in accordance with the procedures and fees set forth therein.

2. **Effective Date.** The Effective Date of the Plan occurred on September 15, 2026, and, as a result, the Plan has been substantially consummated.

3. **Administrative Expense Bar Date.** Except as otherwise provided in Section 2.1 of the Plan and except with respect to Professional Fee Claims, requests for payment of Administrative Expense Claims must be filed and served on Reorganized Hopeman on or before the first Business Day that is thirty (30) calendar days after the Effective Date, which is **October 15, 2026**. HOLDERS OF ADMINISTRATIVE EXPENSE CLAIMS THAT ARE REQUIRED TO FILE AND SERVE A REQUEST FOR PAYMENT AND THAT DO NOT TIMELY FILE AND SERVE SUCH A REQUEST SHALL BE FOREVER BARRED FROM ASSERTING SUCH ADMINISTRATIVE EXPENSE CLAIMS AGAINST HOPEMAN, REORGANIZED HOPEMAN, OR THEIR RESPECTIVE PROPERTY, AND SUCH ADMINISTRATIVE EXPENSE CLAIMS SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE EXPENSE CLAIMS.

4. **Professional Fee Claims.** All final requests for Professional Fee Claims shall be filed no later than forty-five (45) days after the Effective Date, which is **October 30, 2026**.

5. **Rejection Damages Claims.** Unless others provided by an order of the Bankruptcy Court, any proofs of claim based on the rejection of an Executory Contract pursuant to the Plan or otherwise must be filed with the Bankruptcy Court and served upon counsel for Hopeman or Reorganized Hopeman, as applicable, no later than thirty (30) days after the later of the Effective Date, which is **October 15, 2026**.

6. **Asbestos Permanent Channeling Injunction.** Pursuant to sections 105(a) and 524(g) of the Bankruptcy Code, and except as otherwise provided in the Plan (including Article VIII of the

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

Plan), any of the other Plan Documents, and the Confirmation Order, the Plan and Confirmation Order shall provide for the issuance of the following Asbestos Permanent Channeling Injunction effective as of the Effective Date:

(a) Scope of Injunction. All Entities that have held or asserted, or hold or assert, or may hold or assert in the future any Channeled Asbestos Claim shall be permanently stayed, restrained, and enjoined from taking any action for the purpose of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery on account of any such Channeled Asbestos Claim, including:

(i) commencing, conducting, or continuing in any manner, directly, indirectly, or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum against or affecting any Protected Party or any property or interest in property of any Protected Party;

(ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Protected Party or any property or interest in property of any Protected Party;

(iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Encumbrance against any Protected Party or any property or interest in property of any Protected Party;

(iv) setting off, seeking reimbursement of, contribution from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Protected Party or any property or interest in property of any Protected Party; and

(v) proceeding in any manner and in any place with regard to any matter that is within the scope of the matters designated by the Plan to be subject to resolution by the Asbestos Trust, except in conformity and compliance with the Asbestos Trust Agreement and the Asbestos Trust Distribution Procedures.

(b) Reservations. Notwithstanding anything to the contrary above, this Asbestos Permanent Channeling Injunction shall not stay, restrain, bar, or enjoin:

(i) the rights of Entities to the treatment accorded them under Article IV of the Plan, as applicable, including the rights of Channeled Asbestos Claimants to have their Channeled Asbestos Claims resolved in accordance with the Asbestos Trust Distribution Procedures;

(ii) the rights of Entities to assert any Channeled Asbestos Claim against the Asbestos Trust in accordance with the Asbestos Trust Distribution

Procedures, or any claim for payment of an Asbestos Trust Expense against the Asbestos Trust;

(iii) the rights of Channeled Asbestos Claimants to assert any and all claims or causes of action against any Entities that are not Protected Parties;

(iv) the rights of the Asbestos Trust or, if applicable, Reorganized Hopeman to prosecute a claim or cause of action based on, arising from, or attributable to any of the Asbestos Trust Assets against any Entity that is not a Protected Party;

(v) any action or suit against Reorganized Hopeman (or, if deemed an indispensable party, the Asbestos Trust) or Wayne that strictly conforms to the requirements of Section 8.12 of the Plan;

(vi) any action, suit, or Insurance Policy Action permitted or authorized under Section 8.13 of the Plan against any Non-Settling Asbestos Insurer; or

(vii) any claim, crossclaim, or third-party demand in a court of competent jurisdiction (including in any state court lawsuits) against Reorganized Hopeman (or, if deemed an indispensable party, the Asbestos Trust) or Wayne, or any direct action against any Non-Settling Asbestos Insurer of Hopeman or Wayne, in each case that strictly conforms to the requirements of Section 8.15 of the Plan.

7. **Binding Effect.** The Plan and the provisions thereof are binding on every holder of a claim or interest against or in the Debtor, regardless of whether the claim or interest of such holder is impaired under the Plan and regardless of whether such holder accepted the Plan.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 15, 2026
Richmond, Virginia

*/s/ Henry P. (Toby ) Long, III*

Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: tpbrown@HuntonAK.com
hlong@HuntonAK.com

- and –

Joseph P. Rovira (admitted *pro hac vice*)
Catherine A. Rankin (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
Email: josephrovira@HuntonAK.com
crankin@HuntonAK.com

*Counsel for the Debtor and Debtor in Possession*

**CAPLIN & DRYSDALE, CHARTERED**

*/s/ Jeffrey A. Liesemer*
Kevin C. Maclay (admitted *pro hac vice*)
Todd E. Phillips (admitted *pro hac vice*)
Jeffrey A. Liesemer (VSB No. 35918)
Nathaniel R. Miller (admitted *pro hac vice*)
1200 New Hampshire Avenue NW, 8th Floor
Washington, DC 20036
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
Email: kmaclay@capdale.com
tphillips@capdale.com
jliesemer@capdale.com
nmiller@capdale.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

**MORGAN, LEWIS & BOCKIUS LLP**
Brady Edwards (admitted *pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
Email: brady.edwards@morganlewis.com

W. Brad Nes (admitted *pro hac vice*)
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Telephone: (214) 466-4000
Facsimile: (214) 466-4001
Email: brad.nes@morganlewis.com

Jeffrey S. Raskin (admitted *pro hac vice*)
One Market, Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
Email: jeffrey.raskin@morganlewis.com

David Cox (admitted pro hac vice)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Telephone: (213) 612-7315
Facsimile: (213) 612-2501
david.cox@morganlewis.com

*Special Insurance Counsel to the Official*
*Committee of Unsecured Creditors*